**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**EASTERN DIVISION**

**LINNIE LOU LAMBERT**                                                             **PLAINTIFF**

**vs.**                                                                    **CIVIL ACTION NO. 1:12CV018-SAA**

**MICHAEL J. ASTRUE,**
**Commissioner of Social Security**                                                      **DEFENDANT**

## MEMORANDUM OPINION

This case involves an application under 42 U.S.C. § 405(g) for judicial review of the decision of the Commissioner of Social Security denying the application of plaintiff Linnie Lou Lambert for disability insurance benefits (DIB) under Sections 216(I) and 223 of the Social Security Act for the second time. Plaintiff's first appeal to this court resulted in remand with instructions to the newly assigned ALJ to, among other things, contact plaintiff's treating physician to clarify his opinions.[1] Specifically, the court held:

> [I]t is clear that additional development of the record, specifically in the form of additional opinions from the treating physician or even a follow-up review by the non-examining physician once all the records and medical source statements were in the ALJ's possession, would have been easily obtained, and probably helpful, had the ALJ sought such information. In such a case as this, where the ALJ wishes to rely on a non-examining physician and not even indicate what weight he accords a treating physician of nineteen years, the Commissioner should contact the treating physician. 20 C.F.R. § 404.1509p(b) (2000). The undersigned holds that the decision of the Commissioner should be remanded for further proceedings consistent with this opinion.

*Lambert v. Astrue*, 2011 WL 248090 (N.D. Miss. Jan. 24, 2011), *10. This specific direction was completely ignored. The second ALJ to review plaintiff's case did not follow a single one

---

[1] *Lambert v. Astrue*, 2011 WL 248090 (N.D. Miss. Jan. 24, 2011).

of the directives from this court. She did not contact plaintiff's treating physician, but instead followed the path of the first ALJ and relied on a non-examining physician's opinion that was over six years old at the time of the ALJ's decision and was based upon an incomplete set of medical records. Ignoring both the Social Security regulations and orders of this court is clear error. This is a clear example of a case that the Commissioner should have remanded to avoid expending additional resources and time.

Further evidence of the inattention by both ALJs previously assigned to this case is the fact that neither ALJ considered plaintiff's proper age category on the date last insured. The first ALJ indicated that plaintiff was forty-nine years old on the date last insured, when in fact she was fifty-one. The second ALJ did properly calculate that plaintiff was fifty-one on the date last insured, but in the same sentence, indicated that she was a younger individual age 18-49 on the date last insured. Docket # 8, p. 256.

For these reasons, this case is remanded to a newly assigned ALJ to follow the orders contained in this court's original remand order. The ALJ must contact Dr. Flannery and obtain clarification of any inconsistencies in his opinion and, if necessary, obtain new opinion evidence from either Dr. Flannery or other physicians. Reliance upon the opinion of a state agency, non-examining physician that did not have a complete set of plaintiff's medical records is insufficient evidence to deny benefits, particularly when opinions exist from a treating physician of 19 years. Further, the ALJ must evaluate the side effects of plaintiff's medication on her ability to work, including obtaining opinion evidence if necessary. Last, the ALJ is instructed to properly consider the plaintiff's age and resulting category on the date last insured.

Finally, the delay in properly adjudicating this plaintiff's claim borders on shocking. The

plaintiff filed her application for benefits **seven years ago, in 2005.** Plaintiff may or may not be disabled, but she deserves better service than she has been afforded during this period. The court is aware that the Social Security Administration is swamped with claims, but this case is a classic example of the phrase "haste makes waste" – of the limited resources of the SSA, the United States Attorney's office and the Court, not to mention the seven years this person has waited for her case to be give proper consideration. The Commissioner should give this matter priority consideration upon remand.

## **CONCLUSION**

A final judgment in accordance with this memorandum opinion will issue this day.

This, the 19th of September, 2012.

                                           /s/ S. Allan Alexander
                                         UNITED STATES MAGISTRATE JUDGE